IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Roger Allen Dyke, ) | C/A No. 6:24-cv-07291-TMC-KFM |
| ) | |
| Plaintiff, ) | **REPORT OF MAGISTRATE JUDGE** |
| ) | |
| vs. ) | |
| ) | |
| Nurse Blact, Nurse Turner, Nurse ) | |
| Terry, Nurse Robinson, Nurse Moore, ) | |
| Nurse Ervin, Nurse Wattson, ) | |
| ) | |
| Defendants.[1] ) | |
| ) | |

The plaintiff, a state prisoner proceeding *pro se* and *in forma pauperis*, brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights. Pursuant to the provisions of 28 U.S.C. § 636(b), and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in cases filed under 42 U.S.C. § 1983 and submit findings and recommendations to the district court.

The plaintiff's complaint was entered on the docket on December 13, 2024 (doc. 1). On March 14, 2025, the undersigned issued an order informing the plaintiff that his complaint was subject to dismissal as drafted and providing him with time to file an amended complaint to correct the deficiencies noted in the order (doc. 22). The plaintiff was informed that if he failed to file an amended complaint or cure the deficiencies outlined in the order, the undersigned would recommend that his claims be dismissed (*id*. at 4–5). On April 14, 2025, the plaintiff's amended complaint was entered on the docket (doc. 29). However, because the plaintiff's amended complaint was also subject to dismissal as drafted, on April 23, 2025, the undersigned issued a second order providing the plaintiff with an opportunity

---

[1] This caption has been updated to reflect the current parties to this action, as set forth in the plaintiff's amended complaint (doc. 29).

to file a second amended complaint to correct the deficiencies noted in the order (doc. 31). The plaintiff was informed that if he failed to file a second amended complaint or cure the deficiencies outlined in the order, the undersigned would recommend that his claims be dismissed (*id*. at 7–8). To date, the plaintiff has failed to file a second amended complaint within the time provided; accordingly, the undersigned recommends that the instant matter be dismissed.

## ALLEGATIONS

This is a § 1983 action filed by the plaintiff, a state prisoner in the custody of the South Carolina Department of Corrections ("SCDC") and located at McCormick Correctional Institution ("McCormick") seeking unspecified relief from the defendants (doc. 29). In his initial complaint, the plaintiff alleged a broken foot, but alleged as his injury a broken big toe on his left foot (doc. 1 at 5, 6, 7). After an order authorized the plaintiff to file an amended complaint to address the deficiencies noted in the initial complaint, including personal involvement by each defendant (doc. 22), the plaintiff filed his amended complaint (doc. 29). In the amended complaint, the plaintiff alleges that he injured his foot at Tyger River Correctional Institution before being transferred at some point to McCormick (*id*. at 6). The plaintiff alleges violations of his Eighth Amendment rights because the defendants – all nurses at McCormick – saw that his foot was injured because the bone was sticking out of the side of his foot, but did not provide treatment for the plaintiff (*id*. at 5, 6). He also contends that all of the defendants indicated that there was nothing that could be done for his foot, that it healed wrong, and now he needs surgery (*id*. at 6). The plaintiff's injuries include a broken bone in his foot (*id*. at 7). The plaintiff's amended complaint does not seek any specified relief (*id*.).

## STANDARD OF REVIEW

The plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute. This statute authorizes the District Court to dismiss a case if it is satisfied

that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Further, the plaintiff is a prisoner under the definition of 28 U.S.C. § 1915A(c), and "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Thus, even if the plaintiff had prepaid the full filing fee, this Court is charged with screening the plaintiff's lawsuit to identify cognizable claims or to dismiss the complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

As a *pro se* litigant, the plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89 (2007) (*per curiam*). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

This complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n. 3 (1979)). A civil action under § 1983 "creates a private right of action to vindicate violations of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Rehberg v. Paulk*, 566 U.S. 356, 361 (2012). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**DISCUSSION**

The plaintiff filed the instant action pursuant to § 1983, seeking unspecified relief from the defendants. However, the plaintiff's amended complaint is subject to summary dismissal. The plaintiff's amended complaint fails to make sufficient personal allegations of wrongdoing against the defendants. The entirety of the plaintiff's allegations are as follows: "Each nurse seen and denied me medical attention when the bone was sticking out the side of my foot. Now I need surgery and in constant pain . . . . My injury happen at Tyger River CI and I got transferred and all the nurses mentioned fail to give me medical care. My broke foot healed wrong now I need surgery" (doc. 29 at 5–6). It is unclear in what capacity the defendants were involved in the plaintiff's alleged denied medical care – including when the injury happened at Tyger River, when the plaintiff was transferred to McCormick, or when each of the defendants saw his foot and/or denied medical treatment for the plaintiff's foot (as it appears implausible that the **seven** nurses named as defendants in this action treated the plaintiff on every occasion at the same time). Although the plaintiff's allegations must be liberally construed, the plaintiff must provide more than general and conclusory statements to allege a plausible claim for relief. *Adams v. Rice*, 40 F.3d 72, 74–75 (4th Cir. 1994), *cert. denied*, 514 U.S. 1022 (1995); *see Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (noting that liability under § 1983 "requires personal involvement"). Moreover, as recently reiterated by the Fourth Circuit, general, conclusory, and collective allegations against groups of defendants – such as the plaintiff's wholesale reference to the group of nurses named as defendants in this action – fail to allege a plausible claim. *See Langford v. Joyner*, 62 F.4th 122, 125 (4th Cir. Mar. 2, 2023) (recognizing that the plaintiff's complaint failed to meet the plausibility standard when it did not set forth who the defendants were beyond being employees where he was incarcerated or in what capacity the defendants interacted with the plaintiff). Indeed, the plaintiff has provided such vague and conclusory allegations in his amended complaint that the defendants "cannot reasonably

4

prepare a response" to his allegations as currently presented – as he has offered no information regarding the actual times each of the defendants individually examined the plaintiff.  *See* Fed. R. Civ. P. 12(e) (setting forth when a party may seek a more definite statement secondary to a pleading so vague as to be unintelligible).  As such, the plaintiff's amended complaint is subject to summary dismissal because the plaintiff has not made personal allegations of wrongdoing against the defendants.

Even construing the plaintiff's amended complaint as asserting a supervisory liability claim against the defendants, his claim would still fail because the doctrines of vicarious liability and *respondeat superior* are generally not applicable to § 1983 suits. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."); *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) (noting that "Section 1983 will not support a claim based on a *respondeat superior* theory of liability" (emphasis in original)).  Indeed, to allege a plausible claim requires a showing that the supervisor (1) had actual or constructive knowledge that his/her subordinates engaged in conduct posing a pervasive or unreasonable risk of constitutional injury; (2) the supervisor's response to the knowledge was "so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices;" and (3) an affirmative causal link between the inaction by the supervisor and the particular constitutional injury suffered by the plaintiff.  *Green v. Beck*, 539 F. App'x 78, 80 (4th Cir. 2013).  Here, it is unclear whether any of the named defendants even have supervisory responsibility.  Further, the plaintiff's amended complaint contains only passing conclusory assertions that "all the nurses mentioned fail to give [the plaintiff] medical care" with no indication of when the defendants were on notice of the events complained of in the plaintiff's amended complaint.  Moreover, the plaintiff has not alleged a causal link between inaction by the defendants and the injuries asserted by the plaintiff.  As such, the plaintiff's

amended complaint also fails to state a supervisory liability claim against the defendants. *See Ford v. Stirling*, C/A No. 2:17-02390-MGL, 2017 WL 4803648, at *2 (D.S.C. Oct. 25, 2017); *London v. Maier*, C/A No. 0:10-00434-RBH, 2010 WL 1428832, at *2 (D.S.C. Apr. 7, 2010). In light of the foregoing, the plaintiff's amended complaint is subject to summary dismissal.

Moreover, even aside from the foregoing, not "every claim by a prisoner [alleging] that he has not received adequate medical treatment states a violation of the [Constitution]." *Estelle v. Gamble*, 429 U.S. 97, 105 (1976). The government is required to provide medical care for incarcerated individuals. *Id*. at 103. However, to establish deliberate indifference, the treatment "must be so grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Miltier v. Beorn*, 896 F.2d 848, 851–52 (4th Cir. 1990), *overruled in part on other grounds by Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

In order to state a claim, a plaintiff must show a serious medical need as well as that the defendant "knowingly disregarded that need and the substantial risk it posed." *DePaola v. Clarke*, 884 F.3d 481, 486 (4th Cir. 2018) (citing *King v. Rubenstein*, 825 F.3d 206, 218–20 (4th Cir. 2016); *Heyer v. U.S. Bureau of Prisons*, 849 F.3d 202, 209–11 (4th Cir. 2017)). A "serious medical need" is a condition "diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Heyer*, 849 F.3d at 210 (citation omitted). "Deliberate indifference may be demonstrated by either actual intent or reckless disregard. A defendant acts recklessly by disregarding a substantial risk of danger that is either known to the defendant or which would be apparent to a reasonable person in the defendant's position." *Miltier*, 896 F.2d at 851–52 (citation omitted). "It is only such indifference that can offend 'evolving standards of decency' in violation of the Eighth Amendment." *Estelle*, 429 U.S. at 106. Mere negligence or malpractice does not violate the Eighth Amendment. *Id*.

Moreover, disagreements between an inmate and a physician over the inmate's proper medical care do not state a Section 1983 claim unless exceptional circumstances are alleged. *Wright v. Collins*, 766 F.2d 841, 849 (4th Cir.1985).

Here, the plaintiff has failed to state a claim for deliberate indifference to medical needs. First, as outlined above, the plaintiff has not alleged how the defendants were aware of the injury to his foot or how they knowingly disregarded his need for medical treatment.[2] Further, the plaintiff concedes that someone examined his foot and indicated that nothing could be done because of where it was broken (doc. 29 at 6), which appears to indicate that the plaintiff's claim is based on his preference for different treatment than was provided – to which he is not constitutionally entitled. *See Sharpe v. S.C. Dep't of Corrs.*, 621 F. App'x 732, 733 (4th Cir. 2015) (unpublished per curiam opinion) (noting that "mere disagreement between an inmate and medical staff regarding the proper course of treatment provides no basis for relief" under § 1983 (citing *Russell v. Sheffer*, 528 F.2d 318, 319 (4th Cir. 1975))). In light of the foregoing, the plaintiff's deliberate indifference to medical needs claim is subject to summary dismissal even aside from his failure to make personal allegations of wrongdoing against the defendants.

## **RECOMMENDATION**

By orders issued March 14, 2025, and April 23, 2025, the undersigned provided the plaintiff opportunities to correct the defects identified in his complaint/amended complaint and further warned the plaintiff that if he failed to timely file a second amended complaint or failed to cure the identified deficiencies, the undersigned would recommend to the district court that the action be dismissed *with prejudice* and without leave for further amendment (docs. 22; 31). The plaintiff failed to file a second amended complaint within the

---

[2] The plaintiff's original complaint identified his injury interchangeably as a broken big toe and a broken foot (*compare* doc. 1 at 5, 6 (identifying a broken foot) *with* doc. 1 at 7 (identifying the plaintiff's injury as a broken big toe on his left foot)).

time provided. As such, in addition to the reasons discussed herein, this action should be dismissed pursuant to Federal Rule of Civil Procedure 41(b) for failure to comply with a court order. Therefore, the undersigned recommends that the district court dismiss this action with prejudice, without further leave to amend, and without issuance and service of process.[3] *See Britt v. DeJoy*, 45 F.4th 790, 2022 WL 3590436 (4th Cir. Aug. 17, 2022) (mem.) (published) (noting that "when a district court dismisses a complaint or all claims without providing leave to amend . . . the order dismissing the complaint is final and appealable"). **The attention of the parties is directed to the important notice on the following page**.

**IT IS SO RECOMMENDED**.

s/Kevin F. McDonald<br>United States Magistrate Judge

May 23, 2025
Greenville, South Carolina

---

[3] The plaintiff is warned that if the United States District Judge assigned to this matter adopts this report and recommendation, the dismissal of this action for failure to state a claim could later be deemed a strike under the three-strikes rule. *See Pitts v. South Carolina*, 65 F.4th 141 (4th Cir. 2023).

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committees note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
250 East North Street, Room 2300
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).