IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Roger Allen Dyke, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 6:24-cv-07291-TMC |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Nurse Blact, Nurse Turner, Nurse Terry, Nurse Robinson, Nurse Moore, Nurse Ervin, and Nurse Wattson, | ) ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Roger Dyke proceeding *pro se* and *in forma pauperis*, (ECF No. 18), filed this action pursuant to 42 U.S.C. § 1983, (ECF Nos. 1, 29). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B) (D.S.C.), this matter was referred to a magistrate judge for all pretrial proceedings. After Plaintiff brought his case into proper form, the magistrate judge issued an order advising Plaintiff that his complaint, as presented, was subject to summary dismissal. (ECF No. 22). The magistrate judge provided Plaintiff fourteen days to correct the noted defects in the complaint. *Id*. at 5. Plaintiff filed a motion requesting an extension to file an amended complaint, (ECF No. 25), and the magistrate judge granted the motion, (ECF No. 26). Plaintiff filed an amended complaint, (ECF No. 29), and, upon review, the magistrate judge determined the amended complaint, as presented, is also subject to summary dismissal, (ECF No. 31). The magistrate judge gave Plaintiff an opportunity to submit a second amended complaint and correct the noted deficiencies. *Id*. at 7. The magistrate judge warned Plaintiff that if he failed to file a second amended complaint or cure the deficiencies outlined in the order, the magistrate judge would recommend the district court dismiss Plaintiff's claims. *Id*. The Clerk's Office mailed this

order to Plaintiff's last known address, (ECF No. 32), and it was not returned to the court as undeliverable. Nevertheless, Plaintiff failed to file a second amended complaint.

Now before the court is the magistrate judge's Report and Recommendation ("Report"), recommending the district court dismiss this action with prejudice, without leave for further amendment, and without issuance and service of process. (ECF No. 35). The magistrate judge advised Plaintiff of his right to file objections to the Report. *Id*. at 9. The Clerk's Office mailed the Report to Plaintiff's last known address, (ECF No. 36), and it was not returned to the court as undeliverable. Therefore, Plaintiff is presumed to have received it. Still, Plaintiff has failed to file objections, and the time in which to do so has expired.

The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). Nevertheless, "[t]he district court is only required to review *de novo* those portions of the report to which specific objections have been made, and need not conduct *de novo* review 'when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations.'" *Farmer v. McBride*, 177 Fed. App'x 327, 330–31 (4th Cir. 2006) (quoting *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982)); *see also Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023) (noting "an objecting party 'must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection'" and "'an objection stating only "I object" preserves no issue for review'" (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007); *Lockert v. Faulkner*, 843 F.2d 1015, 1019 (7th Cir. 1988))). Thus, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only

satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 Advisory Committee's note). The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Greenspan v. Bros. Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal the district court's judgment based upon that recommendation. *See Elijah*, 66 F.4th at 460 (quoting *Lockert*, 843 F.2d at 1019); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017).

Therefore, having reviewed the Report and finding no clear error, the court agrees with, and **ADOPTS** the magistrate judge's findings and recommendations in the Report, (ECF No. 35), which is incorporated herein by reference. Accordingly, this action is **DISMISSED WITH PREJUDICE**, without leave for further amendment, and without issuance and service of process.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
June 11, 2025

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

3